UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN J. CUMMINGS, III; CUMMINGS, CUMMINGS & DUDENHEFER, A PROFESSIONAL LAW CORPORATION; AND LITTLE PINE ISLAND CORPORATION,<br><br>Versus<br><br>CAPITOL PROPERTIES, LLC; NANTUCKET PLAZA, LLC; JACK SINGLETON; AND NANTUCKET BAY SUBDIVISION, LLC. | CIVIL ACTION NO.<br><br>SECTION<br><br>MAGISTRATE JUDGE<br><br>JUDGE |

## NOTICE OF REMOVAL

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF LOUISIANA

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1441, Third Party Defendants, Maggie D, LLC ("**Maggie D**"), Peter J. Babin, III ("**Mr. Babin**"), and SHJJ, LLC ("**SHJJ**") (collectively the "**Third Party Defendants**"), appearing through undersigned counsel, with full reservation of any and all defenses and objections, hereby files this Notice of Removal and removes the action styled as *John J. Cummings, III, Cummings, Cummings & Dudenhefer, a Professional Law Corporation, and Little Pine Island Corporation, v. Capitol Properties, LLC, Nantucket Plaza, LLC, Jack Singleton and Nantucket Bay Subdivision, LLC*, bearing Docket Number 66609, from the Eleventh Judicial District Court for the Parish of Sabine, State of

{N3020723.1}

Louisiana, to the United States District Court for the Western District of Louisiana.  In support thereof, the Third Party Defendants aver as follows:

## THE STATE COURT ACTION

1.  On July 31, 2014, Plaintiffs, John J. Cummings, III ("**Mr. Cummings**"), Cummings, Cummings, & Dudenhefer, a Professional Law Corporation ("**CCD**"), and Little Pine Island Corporation ("**Little Pine**") (collectively the "**Plaintiffs**" or the "**Counter-Defendants**") initiated a lawsuit by filing a *Verified Petition to Collect Sums Due on Promissory Notes and Guarantees and for Declaratory Relief as to the Extent, Validity, and Enforceability of Mortgage* (the "**Petition for Sums Due**") in the Civil District Court for the Parish of Orleans against Capitol Properties, LLC ("**Capitol**"), Nantucket Plaza, LLC ("**Nantucket Plaza**"), Jack Singleton ("**Mr. Singleton**"), and Nantucket Bay Subdivision, LLC ("**Nantucket Bay**").

2.  On September 5, 2014, the Defendants filed a declinatory exception of Improper Venue and Dilatory Exception of Improper Cumulation of Actions (the "**Exception**").

3.  On February 6, 2015, the Civil District Court for Orleans Parish partially granted the Exception as to improper venue and transferred the entire proceeding to the Eleventh Judicial District Court for the Parish of Sabine.

4.  On April 14, 2015, the Defendants and Christina Singleton as a plaintiff-in-intervention filed a single pleadings entitled *Intervention of Christina Singleton, Answer, Affirmative Defenses, Reconventional and Third Party Demand of Capitol Properties, LLC, Jack Singleton, Nantucket Bay Subdivision, LLC, Nantucket Plaza, LLC and Christina Singleton* (the "**Answer and Third Party Demand**").   Ms. Singleton along with the original Defendants will be collectively referred to as the "**Defendants**" or the "**Plaintiffs-in-Counterclaim.**"

5.  The Answer and Third Party Demand was served on SHJJ on April 21, 2015, and Maggie D on April 22, 2015, as Third Party Defendants.

6. The Answer and Third Party Demand was served on the Counter Defendants on April 21, 2015.

**BASIS FOR REMOVAL**

7. Removal to the United State District Court for the Western District of Louisiana is proper under 28 U.S.C. § 1441(c) because the Third Party Demand includes claims arising under the laws of the United States and involve federal questions. Specifically, the Plaintiffs-in-Counterclaim's Answer and Third Party Demand states a cause of action against the Third Party Defendants under the federal Racketeer Influenced and Corrupt Organizations Act under 18 U.S.C. §1961-1968 ("**RICO**"). (Answer and Third Party Demand, Count 1, ¶¶120-133). Pursuant to RICO, the Plaintiffs-in-Counterclaim allege that they are entitled to "threefold the damages sustained, plus costs including attorney's fees." (Answer and Third Party Demand, ¶ 132).

**JURISDICTION AND REMOVAL PROCEDURE**

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over this matter because the Plaintiffs-in-Counterclaim have asserted a federal RICO claim in their Third Party Demand against the Third Party Defendants.

9. Because this Court has subject matter jurisdiction over the RICO claim pursuant to 28 U.S.C. § 1331, removal is proper under 28 U.S.C. § 1441(c), which provides, in pertinent part:

> (c) Joinder of Federal Law Claims and State Law Claims.
>
> (1) *If a civil action includes*—
>
> (A) *a claim arising under the Constitution, laws, or treaties of the United States* (within the meaning of section 1331 of this title), and

(B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute,

***the entire action may be removed*** if the action would be removable without the inclusion of the claim described in subparagraph (B).

10. In accordance with 1441(c), the Third Party Defendants may remove the entire state court action to this Court as "the Fifth Circuit has clearly held that a third-party defendant may avail itself of the removal statute." *National Fishing Tools, Inc. v. Galaxy Wireline, Inc.,* 1989 U.S. Dist. LEXIS 13117 at *4 (E.D. La. 1989), citing *Carl Heck Engineers v. LaFourche Police Parish,* 622 F.2d 133, 135 (5th Cir. 1980); *Marsh Investment Corp. v. Langford,* 652 F.2d 583, 584 (5th Cir. 1981) (per curiam); cert denied, 102 S. Ct. 1037 (1982). The Fifth Circuit has "permitted third-party defendants to remove an action to federal court when the third-party complaint involves a federal question under § 1331 and presents 'a separate and independent claim'." *Johns, Pendleton & Assoc. v. Miranda, Warwick & Milazzo,* 2002 U.S. Dist. LEXIS 16733 (E.D. La. 2002); *see also Ortiz v. A.N.P. Inc.*, No. 10-CV-917, 2010 WL 3702595, at *3 (S.D. Tex. Sept. 15, 2010) (third party defendant's removal of the third-party petition and plaintiff's original complaint was proper under 28 U.S.C. § 1441).

11. Here, the Plaintiffs-in-Counterclaim's RICO claim against the Third Party Defendants is a separate and independent claim from those claims asserted by the original Plaintiffs against the original Defendants. *State of Texas v. Walker*, 142 F.3d 813 (5th Cir. 1998) ("When applied to a third-party defendant, this rule requires that the plaintiff's claim against the original defendant be 'separate and apart' from the defendant's federal claims against the removing third-party defendant").

12. In this matter, the original Plaintiffs' claims against the original Defendants are suits on promissory notes and enforcement of mortgages, which are separate and independent

claims from the federal RICO claim asserted by the original Defendants against the Third Party Defendants.

13. This Court has supplemental jurisdiction over all other claims asserted in the matter in accordance with 28 U.S.C. § § 1367 & 1441 including, but not limited to the RICO claim against the Counter-Defendants.

14. All pleadings, process, orders and other filings in the state court action are attached to this notice as required by 28 U.S.C. § 1446(a) as **Exhibits 1- 48**.

15. All Third Party Defendants and Counter-Defendants join in, and consent to, the removal of the state court action to the United States District Court for the Western District of Louisiana. The Counter Defendants' consent to removal is attached hereto as **Exhibit 49**.

16. This Notice is timely under the provisions of 28 U.S.C. §1446(b) because it was filed within 30 days of receipt of valid service of process by the Third Party Defendants.

17. The United States District Court for the Western District of Louisiana is the federal judicial district embracing the Eleventh Judicial District Court in and for the Parish of Sabine, State of Louisiana, where the suit is currently pending.  Venue is therefore proper in this district under 28 U.S.C. § 1441.

18. Pursuant to 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of the Notice of Removal will be served promptly on all adverse parties and will be filed with the Clerk of Court for the Eleventh Judicial District Court for the Parish of Sabine, State of Louisiana.

WHEREFORE, having met all the requirements for removal under 28 U.S.C. § 1441 et seq., including the jurisdictional requirements of 28 U.S.C. § 1331, Third Party Defendants, Maggie D, LLC, Peter J. Babin, III, and SHJJ, LLC pray that this Notice of Removal be deemed

good and sufficient, and respectfully remove the matter of *John J. Cummings, III, Cummings, Cummings & Dudenhefer, a Professional Law Corporation, and Little Pine Island Corporation, v. Capitol Properties, LLC, Nantucket Plaza, LLC, Jack Singleton and Nantucket Bay Subdivision, LLC*, bearing Docket number 66609, from the Eleventh Judicial District Court for the Parish of Sabine, Louisiana, to the docket of this Honorable Court.

Dated this 7th day of May, 2015.

                                                           Respectfully submitted,

                                                           */s/ Laura F. Ashley*
R. PATRICK VANCE (LA #13008)
LAURA F. ASHLEY (LA #32820)
TYLER J. RENCH (LA #34049)
Jones Walker LLP
201 St. Charles Avenue, Suite 5100
New Orleans, Louisiana 70170
Telephone: (504) 582-8118
Facsimile: (504) 589-8118
pvance@joneswalker.com
lashley@joneswalker.com
trench@joneswalker.com
*Counsel for Plaintiffs, Counter-Defendants, and Third Party Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading has been served upon all counsel of record by United States mail, postage prepaid and properly addressed, this 7th day of May, 2015.

    Johnny E. Dollar
    Brian E. Dollar
    DOLLAR LAW FIRM, LLC
    301 Hudson Lane,
    Monroe, Louisiana 71201
    johnny.dollar@thedollarlawfirm.com
    brian.dollar@thedollarlawfirm.com
    *Counsel for Defendants, Plaintiffs-in-Counterclaim, and Third Party Plaintiffs*

                                        */s/ Laura F. Ashley*
                                        LAURA F. ASHLEY