**CLERK OF CIVIL DISTRICT COURT**
421 Loyola Avenue, Rm. 402
New Orleans, LA 70112



Telephone: (504) 592-9100
Fax: (504) 592-9128
Email: cdcclerk@orleanscdc.com

*Dale N. Atkins*
CLERK OF COURT

STATE OF LOUISIANA
PARISH OF ORLEANS

I, *Linda Searcy*, Deputy Clerk for the Civil District Court for the Parish of Orleans, do hereby certify that the attached **132** pages is a *true and correct* certified copy of the entire proceeding entitled:

CASE NO.: 2014-7139        DIVISION: F-7"

RE:     JOHN J. CUMMINGS, III *ETAL*

vs

CAPITOL PROPERTIES, LLC, *ETAL*

IN TESTIMONY WHEREOF, I have hereunto set
my hand and affixed the seal of said Court at
New Orleans, Louisiana, on this
3rd day of March 2015.

*[signature]*
Deputy Clerk, Orleans Parish
Civil District Court Clerk's Office
421 Loyola Avenue, Room 402
New Orleans, Louisiana 70112

**Exhibit 1**

| | | |
|---|---|---|
| JOHN J. CUMMINGS, III, CUMMINGS CUMMINGS & DUDENHEFER, A PROFESSIONAL LAW CORPORATION, LITTLE PINE ISLAND CORPORATION<br><br>VERSUS<br><br>CAPITOL PROPERTIES, LLC, NANTUCKET PLAZA, L.L.C., JACK SINGLETON, AND NANTUCKET BAY SUBDIVISION, L.L.C.<br><br>* * * * * * * * * * * * * * * * * * | * * * * * * * * * * * * * * * * * * * * * * * | CIVIL NO. 2014-7139 DIV.<br><br>CIVIL DISTRICT COURT<br><br>PARISH OF ORLEANS<br><br>STATE OF LOUISIANA |

**SECTION 7**

**FILED**
JUL 21 P 4:49
CIVIL DISTRICT COURT

66609

DALE N. ATKINS
CLERK, CIVIL DISTRICT COURT
402 CIVIL COURTS BUILDING
421 LOYOLA AVENUE
NEW ORLEANS, LA 70112

---

**VERIFIED PETITION TO COLLECT SUMS DUE ON PROMISSORY NOTES AND GUARANTEES AND FOR DECLARATORY RELIEF AS TO EXTENT, VALIDITY, AND ENFORCEABILITY OF MORTGAGE**

---

NOW COME John J. Cummings, III ("JC"), Cummings, Cummings & Dudenhefer, a Professional Law Corporation ("CC&D"), and Little Pine Island Corporation ("LP" and, collectively with JC and CC&D, the "Plaintiffs"), who, in support of their Verified Petition to Collect Sums Due on Promissory Notes and Guarantees and for Declaratory Relief as to the Extent, Validity, and Enforceability of Mortgage (the "Petition"), represent as follows:

**THE PARTIES**

1.

Plaintiff, John J. Cummings, III, is an individual of the full age of majority whose principal address is declared to be located in the Parish of Orleans, State of Louisiana.

2.

Plaintiff, Cummings, Cummings & Dudenhefer, a Professional Law Corporation, is a corporation organized under the laws of the State of Louisiana with both its domicile and principal place of business located in the Parish of Orleans, State of Louisiana.

3.

Plaintiff, Little Pine Island Corporation, is a corporation organized under the laws of the State of Louisiana with both its domicile and principal place of business located in the Parish of Orleans, State of Louisiana.

1

4.

Defendant, Capitol Properties, L.L.C. ("Capitol"), is a Louisiana limited liability company with both its domicile and principal place of business located in the Parish of Sabine, State of Louisiana.

5.

Defendant, Nantucket Plaza, L.L.C. ("NP"), is a Louisiana limited liability company with both its domicile and principal place of business located in the Parish of Sabine, State of Louisiana.

6.

Defendant, Jack Singleton ("Singleton"), is an individual of the full age of majority and a resident of the Parish of Sabine, State of Louisiana.

7.

Defendant, Nantucket Bay Subdivision, L.L.C. ("NBS" and collectively with Capitol, NP and Singleton, the "Defendants"), is a Louisiana limited liability company with both its domicile and principal place of business located in the Parish of Sabine, State of Louisiana.

## VENUE

8.

Upon information and belief, each of the documents sued upon here, including without limitation all notes and mortgages, were executed by the Defendants in the Parish of Orleans, State of Louisiana. In addition, funding of the various promissory notes was likewise made in the Parish of Orleans.

9.

Consequently, venue before this Honorable Court is proper.

## BACKGROUND FACTS

I. **The Loans**

**A. The March 31, 2010, Loan to Capitol**

1. **The Promissory Note**

10.

On March 21, 2010, Capitol executed a Promissory Note (the "Capitol/JC Note #1") in favor of JC in the original principal amount of FIVE HUNDRED THOUSAND AND 00/100

2

DOLLARS ($500,000), with interest accruing thereon at the rate of 4% per annum from date until paid. The original Capitol/JC Note #1 is attached hereto as **Exhibit "A"**

11.

In the Capitol/JC Note #1, Capitol "waive[d] presentment for payment, demand, notice of dishonor, protest, pleas of discussion and division".

12.

In addition, Capitol agreed to "pay the fees of any attorney-at-law employed by Lender to recover sums owed or to protect the Lender's interest with regard to this note and such attorneys' fees are secured by collateral furnished for the payment hereof."

13.

Both Singleton and NP endorsed the Capitol/JC Note #1 and guaranteed full payment of all amounts due thereunder, which obligation they agreed was joint, several and solidary. See **Exhibit "A"**.

### 2. The Mortgage

14.

On March 31, 2010, NP, through its manager Christina Singleton, executed that certain Multiple Indebtedness Mortgage in favor of JC, and filed in the mortgage records of Sabine Parish, State of Louisiana, at Book 409, Page 326 (the "Capitol/JC Note #1 Mortgage"). A true and accurate copy of the Capitol/JC Note #1 Mortgage is attached hereto as **Exhibit "B"**.

15.

The Capitol/JC Note #1 Mortgage secures repayment of "any and all indebtedness, obligations and present and future obligations of Mortgagor to Mortgagee including, without limitation, all obligations of Mortgagor on guaranties and endorsements by Mortgagor of the obligations of Capitol Properties, L.L.C., a Louisiana limited liability company, that evidenced by the Notes, in principal, interest, costs, expenses and reasonable attorney's fees and all other fees and charges, together with all other indebtedness, obligations, costs and expenses for which the Mortgagor is responsible under this mortgage...the maximum amount of Indebtedness that may be outstanding at any time and from time to time that this Mortgage secures shall be One Million Two Hundred Fifty Thousand Dollars ($1,250,000)."

16.

The Capitol/JC Note #1 Mortgage also provides for a confession of judgment, which provides that "for purposes of foreclosure under Louisiana executory process procedures, Mortgagor confesses judgment and acknowledges to be indebted to Mortgagee, up to the full amount of the Indebtedness in principal, interest, costs, expenses, reasonable attorneys' fees and other fees and charges...To the extent permitted under applicable Louisiana law, Mortgagor additionally waives: (i) the benefit of appraisal as provided in Articles 2332, 2336, 2723 and 2724 of the Louisiana Code of Civil Procedure, and all other laws with regard to appraisal upon judicial sale; (ii) the demand and three (3) days' delay as provided under Articles 2639 and 2721 of the Louisiana Code of Civil Procedure; (iii) the notice of seizure as provided under Articles 2293 and 2721 of the Louisiana Code of Civil Procedure; (iv) the three (3) days' delay provided under Articles 2331 and 2722 of the Louisiana Code of Civil Procedure; and (v) all other benefits provided under Articles 2331, 2722 and 2723 of the Louisiana Code of Civil Procedure and all other Articles not specifically mentioned above."

17.

The Capitol/JC Note #1 Mortgage encumbers that certain property more particularly described in **Exhibit "C"** hereto (the "Capitol/JC Note #1 Mortgage Property").

### 3. Balance Due

18.

As of June 23, 2014, the total balance due under the Capitol/JC Note #1 is $584,602.74, said total being comprised of the outstanding principal balance of $500,000, plus accrued but unpaid interest in the amount of $84,602.74. Interest continues to accrue on the Capitol/JC Note #1 at the per diem rate of $54.79 from June 24, 2014, until paid in full.

19.

In addition, per the terms of the Capitol/JC Note #1, JC is entitled to recover his attorneys' fees and costs incurred in connection with his attempts to recover sums owed or to protect his interests with regard to the Capitol/JC Note #1.

20.

The Capitol/JC Note #1 provides that all sums due thereunder are payable in full on demand any time after March 31, 2012. JC deems this Petition as demand upon Capitol, Singleton and NP for the immediate payment of all sums due under the Capitol/JC Note #1.

### A. The December 17, 2009 Loan to Capitol

#### 1. The Promissory Note

21.

On December 17, 2009, Capitol executed a Promissory Note ("Capitol/CC&D Note #1") in favor of CC&D in the original principal amount of FOUR HUNDRED FORTY-FIVE THOUSAND AND 00/100 DOLLARS ($445,000), without interest. The Capitol/CC&D Note #1 is payable, in full, on December 17, 2011. The original Capitol/CC&D Note #1 is attached hereto as **Exhibit "D"**

22.

In the Capitol/CC&D Note #1, Capitol "waive[d] presentment for payment, demand, notice of dishonor, protest, pleas of discussion and division".

23.

In addition, Capitol agreed to "pay the fees of any attorney-at-law employed by Lender to recover sums owed or to protect the Lender's interest with regard to this note and such attorneys' fees are secured by collateral furnished for the payment hereof."

#### 2. The Mortgage

24.

On December 17, 2009, NBS, through its manager Christina Singleton, executed that certain Multiple Indebtedness Mortgage in favor of CC&D, and filed in the mortgage records of Sabine Parish, State of Louisiana, at Book 404, Page 896 (the "Capitol/CC&D Note #1 Mortgage"). A true and accurate copy of the Capitol/CC&D Note #1 Mortgage is attached hereto as **Exhibit "E"**.

25.

The Capitol/CC&D Note #1 Mortgage secures repayment of "any and all indebtedness, obligations and present and future obligations of Mortgagor to Mortgagee including that evidenced by the Notes, in principal, interest, costs, expenses and reasonable attorney's fees and all other fees and charges, together with all other indebtedness, obligations, costs and expenses for which the Mortgagor is responsible under this mortgage. Without limiting the foregoing, the term 'Indebtedness' shall include all obligations of Mortgagor as guarantor of the obligations of Capitol Properties, L.L.C. to Lender...Notwithstanding any other provision of this Mortgage, the

maximum amount of Indebtedness that may be outstanding at any time and from time to time that this Mortgage secures shall be Six Hundred Fifty Thousand Dollars ($650,000)."

26.

The Capitol/CC&D Note #1 Mortgage also provides for a confession of judgment, which provides that "for purposes of foreclosure under Louisiana executory process procedures, Mortgagor confesses judgment and acknowledges to be indebted to Mortgagee, up to the full amount of the Indebtedness in principal, interest, costs, expenses, reasonable attorneys' fees and other fees and charges...To the extent permitted under applicable Louisiana law, Mortgagor additionally waives: (i) the benefit of appraisal as provided in Articles 2332, 2336, 2723 and 2724 of the Louisiana Code of Civil Procedure, and all other laws with regard to appraisal upon judicial sale; (ii) the demand and three (3) days' delay as provided under Articles 2639 and 2721 of the Louisiana Code of Civil Procedure; (iii) the notice of seizure as provided under Articles 2293 and 2721 of the Louisiana Code of Civil Procedure; (iv) the three (3) days' delay provided under Articles 2331 and 2722 of the Louisiana Code of Civil Procedure; and (v) all other benefits provided under Articles 2331, 2722 and 2723 of the Louisiana Code of Civil Procedure and all other Articles not specifically mentioned above."

27.

The Capitol/CC&D Note #1 Mortgage encumbers that certain property more particularly described in **Exhibit "F"** hereto (the "Capitol/CC&D Note #1 Mortgage Property").

### 3. Balance Due

28.

As of June 23, 2014, the total balance due under the Capitol/CC&D Note #1 is $445,000.

29.

In addition, per the terms of the Capitol/CC&D Note #1, CC&D is entitled to recover its attorneys' fees and costs incurred in connection with his attempts to recover sums owed or to protect his interests with regard to the Capitol/JC Note #1.

30.

The Capitol/CC&D Note #1 provides that the above sums were payable, in full, on December 17, 2011. Given that the Capitol/CC&D Note #1 has matured and the amounts due thereunder have not been paid to CC&D, both Capitol and NBS are in default of their respective obligations to CC&D.

BA JWS01 82826 v1
2922342-000007 Case Number: 066609 Transaction Date: 3/9/2015 Seq: 71 Page Sequence: 7

### A. The October 27, 2009, Loan to Capitol

#### 1. The Loan Agreement

31.

On October 27, 2009, LP, as lender, Capitol, as borrower, and NBS, as guarantor, entered into a Loan Agreement (the "Loan Agreement"). A true and accurate copy of the Loan Agreement is attached hereto as **Exhibit "G"**.

32.

Pursuant to the Loan Agreement, LP agreed to lend Capitol up to $900,000.

33.

Pursuant to the Loan Agreement, NBS guaranteed "payment and performance of all of the obligations of Borrower under the Loan Documents, and the obligation of Guarantor thereon shall be joint, several and solidary with Borrower. No consent of Guarantor shall be required for any advance of the Loan or for any modification of any of the Loan Documents, or waiver or extension of any provision thereof, and Guarantor shall remain bound on the Loan Documents notwithstanding the occurrence of any such events. Guarantor acknowledges that the transactions contemplated by this Agreement and the execution, delivery and performance thereof, are to the advantage of Guarantor, and Guarantor acknowledges that it has received full consideration for the undertaking of its obligations hereunder."

#### 1. The Promissory Notes

34.

LP made three advances of principal to Capitol pursuant to the Loan Agreement, said advances being memorialized via three separate promissory notes.

##### i. Capitol/LP Note #1

35.

On December 17, 2009, Capitol executed a Promissory Note ("Capitol/LP Note #1") in favor of LP in the original principal amount of ONE HUNDRED THOUSAND AND 00/100 DOLLARS ($100,000), without interest. The Capitol/LP Note #1 bore a maturity date of October 27, 2012. The original Capitol/LP Note #1 is attached hereto as **Exhibit "H"**

36.

In the Capitol/LP Note #1, Capitol "waive[d] presentment for payment, demand, notice of dishonor, protest, pleas of discussion and division".

7

37.

In addition, Capitol agreed to "pay the fees of any attorney-at-law employed by Lender to recover sums owed or to protect the Lender's interest with regard to this note and such attorneys' fees are secured by collateral furnished for the payment hereof."

### ii. Capitol/LP Note #2

38.

On October 27, 2009, Capitol executed a Promissory Note ("Capitol/LP Note #2") in favor of LP in the original principal amount of THREE HUNDRED SEVENTY-FIVE THOUSAND AND 00/100 DOLLARS ($375,000), with interest accruing at the rate of 3% per annum. The Capitol/LP Note #2 bore a maturity date of October 27, 2012. The original Capitol/LP Note #2 is attached hereto as **Exhibit "I"**

39.

In the Capitol/LP Note #2, Capitol "waive[d] presentment for payment, demand, notice of dishonor, protest, pleas of discussion and division".

40.

In addition, Capitol agreed to "pay the fees of any attorney-at-law employed by Lender to recover sums owed or to protect the Lender's interest with regard to this note and such attorneys' fees are secured by collateral furnished for the payment hereof."

### iii. Capitol/LP Note #3

41.

On December 2, 2009, Capitol executed a Promissory Note ("Capitol/LP Note #3") in favor of LP in the original principal amount of ONE HUNDRED EIGHTY THOUSAND AND 00/100 DOLLARS ($180,000), with interest accruing at the rate of 3% per annum. The Capitol/LP Note #3 bore a maturity date of October 27, 2012. The original Capitol/LP Note #3 is attached hereto as **Exhibit "J"**

42.

In the Capitol/LP Note #1, Capitol "waive[d] presentment for payment, demand, notice of dishonor, protest, pleas of discussion and division".

43.

In addition, Capitol agreed to "pay the fees of any attorney-at-law employed by Lender to recover sums owed or to protect the Lender's interest with regard to this note and such attorneys' fees are secured by collateral furnished for the payment hereof."

### 2. The Mortgage

44.

On October 27, 2009, NBS, through its manager Christina Singleton, executed that certain Multiple Indebtedness Mortgage in favor of LP, and filed in the mortgage records of Sabine Parish, State of Louisiana, at Book 404, Page 426 (the "Loan Agreement Mortgage"). A true and accurate copy of the Loan Agreement Mortgage is attached hereto as **Exhibit "K"**.

45.

The Loan Agreement Mortgage secures repayment of "any and all indebtedness, obligations and present and future obligations of Mortgagor to Mortgagee including that evidenced by the Notes, in principal, interest, costs, expenses and reasonable attorney's fees and all other fees and charges, together with all other indebtedness, obligations, costs and expenses for which the Mortgagor is responsible under this mortgage. Without limiting the foregoing, the term 'Indebtedness' shall include all obligations of Mortgagor as guarantor of the obligations of Capitol Properties, L.L.C. to Lender…Notwithstanding any other provision of this Mortgage, the maximum amount of Indebtedness that may be outstanding at any time and from time to time that this Mortgage secures shall be One Million Two Hundred Fifty Thousand Dollars ($1,250,000)."

46.

The Loan Agreement Mortgage also provides for a confession of judgment, which provides that "for purposes of foreclosure under Louisiana executory process procedures, Mortgagor confesses judgment and acknowledges to be indebted to Mortgagee, up to the full amount of the Indebtedness in principal, interest, costs, expenses, reasonable attorneys' fees and other fees and charges…To the extent permitted under applicable Louisiana law, Mortgagor additionally waives: (i) the benefit of appraisal as provided in Articles 2332, 2336, 2723 and 2724 of the Louisiana Code of Civil Procedure, and all other laws with regard to appraisal upon judicial sale; (ii) the demand and three (3) days' delay as provided under Articles 2639 and 2721 of the Louisiana Code of Civil Procedure; (iii) the notice of seizure as provided under Articles

2293 and 2721 of the Louisiana Code of Civil Procedure; (iv) the three (3) days' delay provided under Articles 2331 and 2722 of the Louisiana Code of Civil Procedure; and (v) all other benefits provided under Articles 2331, 2722 and 2723 of the Louisiana Code of Civil Procedure and all other Articles not specifically mentioned above."

47.

The Loan Agreement Mortgage encumbers that certain property more particularly described in **Exhibit "L"** hereto (the "Loan Agreement Mortgage Property").

### 3. Balance Due

48.

Each of the (i) Capitol/LP Note #1, (ii) Capitol/LP Note #2 and (iii) Capitol/LP Note #3 matured on October 27, 2012 and, consequently, all amounts due thereunder are immediately due and owing. As each of the notes described herein have matured and the balances due thereunder have not been paid, both Capitol and NBS are in default of their respective obligations to LP. As of June 23, 2014, the total balance due under the Loan Agreement is as follows:

#### i. Capitol/LP Note #1

49.

The total outstanding principal balance of $100,000.

50.

In addition, per the terms of the Capitol/LP Note #1, LP is entitled to recover its attorneys' fees and costs incurred in connection with its attempts to recover sums owed or to protect its interests with regard to the Capitol/LP Note #1.

#### ii. Capitol/LP Note #2

51.

As of June 23, 2014, the total balance due under the Capitol/LP Note #2 is $427,366.43, said total being comprised of the outstanding principal balance of $375,000, plus accrued but unpaid interest in the amount of $52,366.43. Interest continues to accrue on the Capitol/LP Note #2 at the per diem rate of $30.82 from June 24, 2014, until paid in full.

52.

In addition, per the terms of the Capitol/LP Note #2, LP is entitled to recover its attorneys' fees and costs incurred in connection with its attempts to recover sums owed or to protect its interests with regard to the Capitol/LP Note #2.

10

### iii. Capitol/LP Note #3

53.

As of June 23, 2014, the total balance due under the Capitol/LP Note #3 is $204,603.29, said total being comprised of the outstanding principal balance of $180,000, plus accrued but unpaid interest in the amount of $24,603.29. Interest continues to accrue on the Capitol/LP Note #3 at the per diem rate of $14.79 from June 24, 2014, until paid in full.

54.

In addition, per the terms of the Capitol/LP Note #3, LP is entitled to recover its attorneys' fees and costs incurred in connection with its attempts to recover sums owed or to protect its interests with regard to the Capitol/LP Note #3.

## COUNT I

### JUDGMENT FOR BALANCE DUE ON THE NOTES AND GUARANTEES

55.

Plaintiffs incorporate each and every allegation asserted in the previous paragraphs into Count I as if copied *in extenso.*

56.

Capitol, NP, Singleton and NBS have failed to satisfy their respective payment obligations under (i) the Capitol/JC Note #1, (ii) Capitol/CC&D Note #1, (iii) Loan Agreement (iv) Capitol/LP Note #1, (v) Capitol/LP Note #2, and (vi) Capitol/LP Note #3.

57.

Consequently, Plaintiffs are entitled to a judgment against Defendants for all amounts due pursuant to their respective payment obligations, as set forth above, under (i) the Capitol/JC Note #1, (ii) Capitol/CC&D Note #1, (iii) Loan Agreement, (iv) Capitol/LP Note #1, (v) Capitol/LP Note #2, and (vi) Capitol/LP Note #3.

## COUNT II

58.

Plaintiffs incorporate each and every allegation asserted in the previous paragraphs into Count II as if copied *in extensor*.

59.

Via this ordinary proceeding, Plaintiffs are further entitled to a judgment recognizing the extent, validity and priority of the (i) Capitol/JC Note #1 Mortgage, (ii) Capitol/CC&D Note #1

11

Mortgage, and (iii) Loan Agreement Mortgage, and that each is fully enforceable pursuant to Louisiana law.

**WHEREFORE**, Plaintiffs, John J. Cummings, III, Cummings Cummings & Dudenhefer, A Professional Law Corporation and Little Pine Island Corporation respectfully pray that:

1. Defendants, Capitol Properties, L.L.C., Jack Singleton, Nantucket Plaza, L.L.C. and Nantucket Bay Subdivision, L.L.C. be served with, and cited to respond to, the Verified Petition to Collect Sums Due on Promissory Notes and Guarantees and for Declaratory Relief as to the Extent, Validity, and Enforceability of Mortgage;

2. Pursuant to Count I - After all due proceedings are had, a judgment be rendered in favor of John J. Cummings, III, and against Capitol Properties, L.L.C., Jack Singleton and Nantucket Plaza, L.L.C., *in solido*, in the total amount of $584,602.74 due under the Capitol/JC Note #1, said amount consisting of unpaid principal in the amount of $500,000, unpaid interest in the amount of $84,602.74 as it has accrued from March 22, 2010 through June 23, 2014 at the rate of 4% per annum, plus interest as it continues to accrue at the per diem rate of $54.79 from June 24, 2014 until paid in full;

3. Pursuant to Count I - After all due proceedings are had, a judgment be rendered in favor of John J. Cummings, III, and against Capitol Properties, L.L.C., Jack Singleton and Nantucket Plaza, L.L.C., *in solido*, pursuant to the Capitol/JC Note #1, for all reasonable attorneys' fees and costs incurred by John J. Cummings, III in enforcing his rights under the Capitol/JC Note #1 and Capitol/JC Note #1 Mortgage;

4. Pursuant to Count II - After all due proceedings are had, a judgment be rendered recognizing and maintaining the extent, validity, priority and enforceability of the Capitol/JC Note #1 Mortgage pursuant to Louisiana law;

5. Pursuant to Count I - After all due proceedings are had, a judgment be rendered in favor of Cummings Cummings & Dudenhefer, A Professional Law Corporation, and against Capitol Properties, L.L.C. for the total outstanding principal balance owed under the Capitol/CC&D Note #1 of $445,000;

6. Pursuant to Count I - After all due proceedings are had, a judgment be rendered in favor of Cummings Cummings & Dudenhefer, A Professional Law Corporation, and against Capitol Properties, L.L.C. pursuant to the Capitol/CC&D Note #1 for all reasonable attorneys' fees and costs incurred by Cummings Cummings & Dudenhefer, A

BA JWS01 8288 Case Number: 066609 Transaction Date: 3/9/2015 Seq: 71 Page Sequence: 13
2922342-000007 07/21/2014

Professional Law Corporation in enforcing its rights under the Capitol/CC&D Note #1 and Capitol/CC&D Note #1 Mortgage;

7. Pursuant to Count II - After all due proceedings are had, a judgment be rendered recognizing and maintaining the extent, validity, priority and enforceability of the Capitol/CC&D Note #1 Mortgage;

8. Pursuant to Count I - After all due proceedings are had, a judgment be rendered in favor of Little Pine Island Corporation and against Capitol Properties, L.L.C. and Nantucket Bay Subdivision, L.L.C., *in solido*, in the total outstanding principal balance due under the Loan Agreement and Capitol/LP Note #1 of $100,000;

9. Pursuant to Count I - After all due proceedings are had, a judgment be rendered in favor of Little Pine Island Corporation, and against Capitol Properties, L.L.C. and Nantucket Bay Subdivision, L.L.C., *in solido*, pursuant to the Loan Agreement and Capitol/LP Note #1 for all reasonable attorneys' fees and costs incurred by Little Pine Island Corporation in enforcing its rights under the Loan Agreement, Capitol/LP Note #1 and Loan Agreement Mortgage;

10. Pursuant to Count I - After all due proceedings are had, a judgment be rendered in favor of Little Pine Island Corporation and against Capitol Properties, L.L.C. and Nantucket Bay Subdivision, L.L.C., *in solido*, in the total amount due under the Loan Agreement and Capitol/LP Note #2 of $427,366.43, said total being comprised of the outstanding principal balance of $375,000, plus unpaid interest as it has accrued from October 27, 2009 through June 23, 2014 at the rate of 3% per annum in the amount of $52,366.43, plus interest as it continues to accrue on the Capitol/LP Note #2 at the per diem rate of $30.82 from June 24, 2014, until paid in full;

11. Pursuant to Count I - After all due proceedings are had, a judgment be rendered in favor of Little Pine Island Corporation and against Capitol Properties, L.L.C. and Nantucket Bay Subdivision, L.L.C., *in solido*, pursuant to the Loan Agreement and Capitol/LP Note #2 for all reasonable attorneys' fees and costs incurred by Little Pine Island Corporation in enforcing its rights under the Loan Agreement, Capitol/LP Note #2 and Loan Agreement Mortgage;

12. Pursuant to Count I - After all due proceedings are had, a judgment be rendered in favor of Little Pine Island Corporation and against Capitol Properties, L.L.C. and Nantucket

13

Bay Subdivision, L.L.C., *in solido*, in the total amount due under the Loan Agreement and Capitol/LP Note #3 of $204,603.29, said total being comprised of the outstanding principal balance of $180,000, plus unpaid interest as it has accrued from December 2, 2009 through June 23, 2014 at the rate of 3% per annum in the amount of $24,603.29, plus interest as it continues to accrue on the Capitol/LP Note #3 at the per diem rate of $14.79 from June 24, 2014, until paid in full;

13. Pursuant to Count I - After all due proceedings are had, a judgment be rendered in favor of Little Pine Island Corporation and against Capitol Properties, L.L.C. and Nantucket Bay Subdivision, L.L.C., *in solido*, pursuant to the Loan Agreement and Capitol/LP Note #3 for all reasonable attorneys' fees and costs incurred by Little Pine Island Corporation in enforcing its rights under the Loan Agreement, Capitol/LP Note #3 and Loan Agreement Mortgage;

14. Pursuant to Count II - After all due proceedings are had, a judgment be rendered recognizing and maintaining the extent, validity, priority and enforceability of the Loan Agreement Mortgage; and

15. For all costs and other just, legal, general and equitable relief to which Plaintiffs may be entitled.

RESPECTFULLY SUBMITTED,

**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, P.C.**
450 Laurel Street, 20th Floor
Baton Rouge, LA 70801
Telephone: (225) 381-7000
Facsimile: (225) 343-3612

Stephen F. Chiccarelli (#16858)
Justin Stephens (#30987)

*Counsel for John J. Cummings, III, Cummings Cummings & Dudenhefer, A Professional Law Corporation and Little Pine Island Corporation*

[SERVICE INFORMATION ON NEXT PAGE]

14

**SHERIFF PLEASE SERVE:**

1) Capitol Properties, L.L.C.
   Through its registered agent
   Christina Singleton
   48 Graces Lodge Road
   Zwolle, LA 71486

2) Jack Singleton
   48 Graces Lodge Road
   Zwolle, LA 71486

3) Nantucket Plaza, L.L.C.
   Through its registered agent
   Christina Singleton
   48 Graces Lodge Road
   Zwolle, LA 71486

4) Nantucket Bay Subdivision, L.L.C.
   Through its registered agent
   Christina Singleton
   48 Graces Lodge Road
   Zwolle, LA 71486

```
JOHN J. CUMMINGS, III,              *    CIVIL NO. _____ DIV. _____
CUMMINGS CUMMINGS &                 *    2014 JUL 21 P 4:52
DUDENHEFER, A                       *    CIVIL DISTRICT COURT
PROFESSIONAL LAW                    *
CORPORATION, LITTLE                 *    PARISH OF ORLEANS
PINE ISLAND CORPORATION             *
                                    *    STATE OF LOUISIANA
VERSUS                              *
                                    *
CAPITOL PROPERTIES, LLC,            *
NANTUCKET PLAZA, L.L.C.,            *
JACK SINGLETON, AND                 *
NANTUCKET BAY                       *
SUBDIVISION, L.L.C.                 *
                                    *
* * * * * * * * * * * * * * * * * * *
```

FILED

## VERIFICATION AFFIDAVIT

**STATE OF LOUISIANA**

**PARISH OF EAST BATON ROUGE**

BEFORE ME, the undersigned Notary Public, duly commissioned and qualified in and for the aforesaid State and Parish, therein residing, personally came and appeared:

### JOHN J. CUMMINGS, III

who, upon first being duly sworn by me, Notary, did depose and say he is the President of Cummings Cummings & Dudenhefer, A Professional Law Corporation and the President of Little Pine Island Corporation and that, in said capacities and in his individual capacity, he has read the Verified Petition To Collect Sums Due On Promissory Notes and Guarantees and for Declaratory Relief as to Extent, Validity, and Enforceability of Mortgage, including the calculations of sums due prepared by Christina Gerarve, and the allegations and documents referenced therein are true and correct to the best of his knowledge, information and belief.

SWORN TO AND SUBSCRIBED
BEFORE ME, NOTARY, THIS
21 DAY OF JULY, 2014.

Notary: _____
Printed Name: Justin Stephens
Bar/Notary #: 30987
My Commission Expires: Is for Life

BY: _____
Printed Name: John J. Cummings, III
Title: President
Little Pine Island Corporation
Title: President
Cummings Cummings & Dudenhefer,
A Professional Law Corporation