CIVIL DISTRICT COURT * ORLEANS PARISH
STATE OF LOUISIANA

JOHN J. CUMMINGS, III, ET AL

VERSUS NO. 2014-07139           DIVISION F, SEC. 7

CAPITOL PROPERTIES, LLC, ET AL

### MEMORANDUM IN SUPPORT OF DEFENDANTS' DECLINATORY EXCEPTION OF IMPROPER VENUE AND DILATORY EXCEPTION OF IMPROPER CUMULATION OF ACTIONS

**MAY IT PLEASE THE COURT:** Capitol Properties, LLC; Nantucket Plaza, LLC; Jack Singleton; and Nantucket Bay Subdivision, LLC (collectively, the "Defendants"), respectfully, represent:

### SUMMARY OF ARGUMENT

Venue in this Court is improper because *this action asserts an interest in or a right in or against immovable property*. Thus, pursuant to *La. C.C.P. Art. 80(A)1*, venue is only proper either in the domicile of Defendants or where the property is located, the situs of both being Sabine Parish, Louisiana.

Further, this action is an improper cumulation of actions and parties given that there is no "community of interest" by, among and between plaintiffs or their separate claims.

### I. INTRODUCTION

On July 21, 2014, Plaintiffs John J. Cummings, III; Cummings, Cummings & Dudenhefer, PLC; and Little Pine Island Corporation (collectively, the "Plaintiffs") filed their **"Verified Petition to Collect Sums Due on Promissory Notes and Guarantees and for Declaratory Relief as to Extent, Validity, and Enforceability of Mortgage"**. The basis for their lawsuit is a series of promissory notes giving rise to three separate claims, owed to each of them respectively and separately, and also for declaratory relief as to the extent, validity, and enforceability of certain mortgages allegedly securing those promissory notes.

Promissory Note Number 1 ("Note 1"), for $500,000.00, was executed on March 31, 2010, between, the Borrower, Capitol Properties, LLC ("Capitol"), and the Lender, John J. Cummings, III ("Cummings"). Note 1 was allegedly secured by a Multiple Indebtedness Mortgage ("Mortgage 1"), which was executed on March 31, 2010, by

Exhibit 8

Mortgagor, Nantucket Plaza, LLC ("Nantucket Plaza"). The named Mortgagee is Cummings. The property affected is a nineteen-acre tract of land in Sabine Parish.[1]

Promissory Note Number 2 ("Note 2"), for $445,000.00, was executed on December 17, 2009, between Borrower, Capitol, and Lender, Cummings, Cummings & Dudenhefer, PLC ("CC&D"). Note 2 was allegedly secured by a Multiple Indebtedness Mortgage ("Mortgage 2"), which was executed on December 17, 2009, by Mortgagor, Nantucket Bay Subdivision, LLC ("Nantucket Bay"). The named Mortgagee is CC&D. The property affected was small acreage intended as residential property in Sabine Parish.[2]

According to the Petition, on October 27, 2009, a Loan Agreement was entered into between Lender, Little Pine Island Corporation ("Little Pine Island"), Borrower, Capitol, and Guarantor, Nantucket Bay. In the Loan Agreement, Little Pine Island agreed to loan Capitol up to $900,000.00, which came with an initial advance of $375,000.00. The advance was formalized in Promissory Note Number 3 ("Note 3"), which was executed on October 27, 2009, between Capitol and Little Pine Island.[3] Subsequently, Promissory Note Number 4 ("Note 4"), for $180,000, was executed on December 2, 2009; and Promissory Note Number 5 ("Note 5"), for $100,000.00, was executed on December 17, 2009, between the same Lender, Borrower, and Guarantor as before.[4] The Loan Agreement and Notes 3 through 5, which totaled $655,000.00, were allegedly secured by a Multiple Indebtedness Mortgage ("Mortgage 3"), which was executed on October 27, 2009, by Mortgagor, Nantucket Bay. The named Mortgagee is Little Pine Island. The property affected was the same property allegedly securing Promissory Note 2 described in the immediately preceding paragraph.[5]

Thus, in this action, the Plaintiffs are seeking to collect sums due on Notes 1 through 5, for the aggregate amount of $1,600,000.00, along with accrued interest and attorney's fees. Plaintiffs are also seeking a declaratory judgment *"recognizing and maintaining the extent, validity, priority and enforceability"* of Mortgages 1 through 3. All of these mortgages are allegedly secured by immovable property located in Sabine

---

[1] *See* P's Pet. at Ex. A through C.
[2] *See* P's Pet. at Ex. D through F.
[3] *See* P's Pet. at Ex. G-1 through G-2 and Ex. I.
[4] *See* P's Pet. at Ex. J and Ex. H.
[5] *See* P's Pet. at Ex. K through L.

2

Parish, Louisiana and all of the mortgages are recorded there. Likewise, all of the Defendants are domiciled in Sabine Parish.

Finally, Notes 1 and 2 and the Loan Agreement, which gave rise to Notes 3 through 5, are distinct legal agreements, executed by, among and between different parties and each is a separate and distinct obligation having its own unique set of related legal issues and defenses.[6]

## II.  VENUE IS IMPROPER IN THIS COURT

Plaintiffs claim that venue is proper in this Court because: "all notes and mortgages, were executed by the Defendants in the Parish of Orleans . . . In addition, funding of the various promissory notes was likewise made in the Parish of Orleans."[7] Thus, Plaintiffs' venue pleading clearly arises under *La. C.C.P. Art. 74.4(B)* of the Louisiana Code of Civil Procedure, which provides in pertinent part:

> **Art. 74.4. Action on an open account or a promissory note**
> B.  An action on a promissory note may be brought in the parish where the promissory note was executed or in the parish of the domicile of the debtor.

However, other articles specify the determination of proper venue in matters concerning the assertion of interest in immovable property and mortgages. For example,

> **Art. 80. Action involving immovable property**
> A.  The following actions may be brought in the parish where the immovable property is situated or in the parish where the defendant in the action is domiciled:
> (1) An action to ***assert an interest in immovable property, or a right in, to, or against immovable property***, except as otherwise provided in Article 72 . . . . (emphasis added).

> **Art. 72. Certain actions involving property**
> An action in which a sequestration is sought, or an action to enforce a mortgage or privilege by an ordinary proceeding, may be brought in the parish where the property, or any portion thereof, is situated. [Note that Art. 72 does not conflict with Art. 80 A. (1).]

Thus, there is a conflict between Plaintiffs' venue choice [Art. 74.4 (where the notes were executed)] and the articles on venue for matters involving the assertion of an interest in or a right in, to or against immovable property. [Art. 80 A.(1) (either the domicile of the defendant or the situs of the immovable property)].

However, *La. C.C.P. Art. 45* provides the mandatory resolution of this conflict between these venue articles:

---

[6] Noticeably absent from the Petition is any reference to the identity of the shareholders or members of the Plaintiff entities.
[7] *See* P's Pet. at para. 8 – 9.

> **Art. 45. Conflict between two or more articles in Chapter**
> The following rules determine the proper venue in cases where two or more articles in this Chapter may conflict:
> (1) Article 78, 79, **80**, 81, 82, 83, 84, 86, or 87 governs the venue *exclusively*, if this article conflicts with any of Articles 42 and 71 through 77. . . . (emphasis added).

Here, Notes 1 through 5 are allegedly secured by mortgaged property in Sabine Parish. The matter before this Court is not, as Plaintiffs posit, merely an action on promissory notes, rendering *Art. 74.4* applicable. Rather, Plaintiffs are asserting an interest in immovable property or a right in, to, or against the immovable property claimed to be encumbered under Mortgages 1, 2 and 3. Thus, Plaintiffs are asserting their rights in immovable property, the exclusive venue for which is Sabine Parish, Louisiana, as per the mandate of *La. C.C.P. Arts. 80 A (1) and 45 (1)*.

Plaintiffs have petitioned this Court to determine the "**extent, validity, priority and enforceability**" of Mortgages 1 through 3, which represent their alleged security devices giving rise to real rights over immovable property located in Sabine Parish.

Thus, *La. C.C.P. Art 80* applies to venue here, and according to *La. C.C.P. Art. 45(1)*, Article 80 governs issues of venue *exclusively* because it is in conflict with *La.C.C.P. Art. 74.4,* which does not apply to the exercise of rights asserting an interest in immovable property.

### III. THE PETITION IS AN IMPROPER CUMULATION OF ACTIONS

Defendants also urge their Dilatory Exception of Improper Cumulation of Actions pursuant to *La. C.C.P. Art. 926(7)*.

The Code of Civil Procedure defines a cumulation of actions as the "joinder of separate actions in the same judicial demand, whether by a single plaintiff against a single defendant, or by one or more plaintiffs against one or more defendants." *See La. C.C.P. Art. 461.*

Article 463 further provides a three-part test for cumulation:

> **Article 463. Cumulation, plural plaintiffs or defendants**
> Two or more parties may be joined in the same suit, either as plaintiffs or as defendants, if:
> (1) There is a community of interest between the parties joined;
> (2) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; *and*
> (3) All of the actions cumulated are mutually consistent and employ the same form of procedure.
> . . . .*(emphasis added).*

"The test in determining whether the parties have a community of interest is whether the cumulated causes of action arise out of the same facts or whether they present the same factual or legal issues." *Strahan v. Maytag Corp.*, 760 So.2d 463, 468 (La. App. 4 Cir. 2000). A "community of interest is present between different actions or parties, where enough factual overlap is present between the cases to make it commonsensical to litigate them together." *Mauberet-Lavie v. Lavie*, 850 So.2d 1, 2 (La. App. 4 Cir. 2003).

In *Broussard v. Hilcorp Energy Co.*, 998 So.2d 946, 953 (La. App. 3 Cir. 2008), the court found that the cumulation of defendants in a contamination lawsuit affecting numerous sections of land, with different parties and combinations of parties who were alleged to have contributed to the contamination on each piece of property, did not result in a community of interest. Thus, the court found that the plaintiff's cumulation of parties was improper.

The evidence in this case will show that: Note 1 relates to Rock Mart, LLC, which is co-owned by Mr. Cummings and Capitol; Note 2 relates to Bayou Sand & Gravel, LLC, which is co-owned by Mr. Cummings, Capitol and several others; and Note 3 relates to Little Pine Island and the Breazeale Sachse & Wilson law firm for attorney fees. All [and perhaps entity members] will be necessary parties to resolution of these claims and will likely ultimately be joined as parties. Clearly, this will become a morass made unmanageable by the lack of a community of interest.

Here, like in *Broussard,* the Plaintiffs' claims, i.e. the claims arising from Note 1, Note 2, and Notes 3 through 5, cannot be cumulated because each claim involves different parties and combinations of parties and different claims. Thus, there is not enough factual overlap present between all of the actions to make it commonsensical to litigate them together. See *Broussard* at 953. Further, based on the facts alleged in this section, once it is time to file their Answer, Defendants will assert reconventional demands against all of the Plaintiffs, and will likely third-party or join one or more additional parties necessary for complete adjudication of all issues. Therefore, cumulation here is improper.

*La. C.C.P. Art. 464* provides for the remedy of improper cumulation of actions by providing the Court with broad discretion to remedy the improper cumulation up to and including dismissal of the action for failure to comply with the court's order.

## IV.   CONCLUSION

Defendants urge this Honorable Court to grant their Exception of Improper Venue, given that Plaintiffs' Petition *asserts rights in, to or against, immovable property*; and that it also grant their Exception of Improper Cumulation of Actions, given that Plaintiffs have clearly not demonstrated that a community of interest exists among the parties or claims asserted.

By: _____
Johnny E. Dollar
Louisiana Bar Number #5004
James G. Buckley
Louisiana Bar Number #30345
Brian E. Dollar
Louisiana Bar Number #33805

DOLLAR LAW FIRM, LLC
Post Office Box 14310
Monroe, Louisiana 71207-4310
Telephone: 318/387-9000
Facsimile:  318/387-9976

### CERTIFICATE OF SERVICE

This is to certify that an exact copy of the above and foregoing has been served upon all counsel of record by email transmission and thereafter by US Mail, postage prepaid and properly addressed for delivery.

Monroe, Louisiana, this ___5___ day of September 2014.

_____
Of Counsel