| | |
|---|---|
| JOHN J. CUMMINGS, III, ET AL * | CIVIL NO. 2014-07139 DIV. "F" |
| VERSUS * | CIVIL DISTRICT COURT |
| CAPITOL PROPERTIES, LLC, ET AL * | PARISH OF ORLEANS |
| * | STATE OF LOUISIANA |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### RESPONSE TO DECLINATORY EXCEPTION OF IMPROPER VENUE AND DILATORY EXCEPTION OF IMPROPER CUMULATION OF ACTIONS

**MAY IT PLEASE THE COURT:**

Defendants, Capitol Properties, LLC, Nantucket Plaza, LLC, Jack Singleton, and Nantucket Bay Subdivision, LLC (collectively, the "Defendants"), have filed a Declinatory Exception of Improper Venue and Dilatory Exception of Improper Cumulation of Actions (the "Exception") requesting the Court dismiss the claims filed on behalf of plaintiffs, John J. Cummings, III; Cummings, Cummings & Dudenhefer, a Professional Law Corporation; and Little Pine Island Corporation (collectively, the "Plaintiffs"), or, alternatively, transferring said claims to a Court of proper venue.

The hearing on Defendants' Exception is set for January 23, 2015. On that same day, the Court is scheduled to hear the Motion to Voluntarily Dismiss Without Prejudice filed on behalf of Plaintiffs (the "Motion to Dismiss"). In the Motion to Dismiss, Plaintiffs request that all claims asserted in this matter, other than the claim asserted by Cummings, Cummings & Dudenhefer, a Professional Law Corporation against Capitol Properties, LLC for the sums due under a Promissory Note dated December 17, 2009 in the original principal amount of $445,000 (the "Note"), be dismissed without prejudice.

Plaintiffs respectfully assert that the Motion to Dismiss effectively moots Defendants' Exception as the relief requested therein is precisely the relief Defendants would obtain if they successfully argued their Exception (i.e., a dismissal of the claims without prejudice). See *Maxwell v. Swain*, 524 So.2d 825 (La. App. 3 Cir. 1988); *Fusilier v. Pesson's Estate*, 412 So.2d 172 (La. App. 3 Cir. 1982).

Thus, after resolution of the Motion to Dismiss, the sole parties to this litigation will be Cummings, Cummings & Dudenhefer, a Professional Law Corporation, as plaintiff, and Capitol Properties, LLC, as defendant. In addition, the sole claim pending before the Court will be for the balance due on Note. As set forth in the original verified petition filed by Plaintiffs, the Note

BA JWS01 89224 v1
2922342-000007

Exhibit 19

was executed in the Parish of Orleans, State of Louisiana, and, as defendants have introduced no evidence to the contrary, a suit seeking only to enforce the terms of the Note is proper before this Court. See La. C.C.P. art. 74.4(B).

### Conclusion

Based on the foregoing, Plaintiffs respectfully request this Court deny Defendants Exception as moot based upon Plaintiffs' voluntarily dismissing, without prejudice, all claims asserted in this matter other than for sums due under the Note; which sole remaining claim is properly before this Court under La. C.C.P. art. 74.4(B).

Respectfully submitted,

Stephen F. Chiccarelli (#16858)
Justin Stephens (#30987)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
450 Laurel. Street, 20th Floor
Baton Rouge, LA 70801
Telephone: (225) 381-7000
Facsimile: (225) 343-3612

*Counsel for John J. Cummings, III; Little Pine Island Corporation; and Cummings, Cummings & Dudenhefer, a Professional Law Corporation*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing Response to Declinatory Exception of Improper Venue and Dilatory Exception of Improper Cumulation of Actions has been served upon all counsel of record via facsimile, and by placing a copy of same in the U.S. Mail, properly addressed and postage pre-paid, this 15th day of January, 2015.

Justin W. Stephens