## Consulting and Sales Agreement

This Consulting and Sales Agreement (hereinafter "Agreement") is entered into between (i) Premier Aggregates, LLC (hereinafter "Premier") and (ii) Maggie D, LLC (hereinafter "Consultant").

Recitals:

A. Premier, headquartered in Shreveport, Louisiana, conducts business, among other things, mining, moving, selling and delivering gravel.

B. Consultant is familiar with the market for sources of gravel.

C. Consultant has identified certain purchasers in the market in which Premier feels is essential and valuable to Premier.

Now, therefore, in consideration for services rendered by Consultant, described herein, and for good and valuable consideration, the receipt and sufficiency of which is acknowledged by Consultant and Premier, it is agreed as follows:

1. In consideration for services rendered and to be rendered herein by Consultant, Premier agrees to pay Consultant a consulting and sales fee equal to fifty cents (.50) per ton on all gravel sold from certain gravel mines owned and/or operated by Premier to Baker Ready Mix and Boh Brothers Construction (collectively, "Purchasers"). The consulting fees shall be due and payable ten (10) days after Premier receives payment for gravel from vendors. If Premier does not receive payment despite commercially reasonable efforts to collect, no amount shall be due to consultant, provided that if full payment is not received, Consultant shall be notified and given the opportunity to collect the debt.

2. Premier acknowledges that the services of Consultant has been essential and valuable to Premier in identifying the market for gravel, and that Consultant has been and will be essential in arranging introductions, and facilitating appointments and negotiating agreements with the owners and managers of the Purchasers, and contractors associated with Purchasers' interests who may be contracted to handle the earth products herein described and finalizing arrangements to commence Premier's operations on properties where the gravel is located, should Premier require these services.

3. Premier reserves all rights to set the price for gravel to above described vendors at its sole discretion.

4. The Consulting and Sales Fee shall also be applicable to all

-Page 1 of 3-

685203.3

Exhibit 38

gravel sold directly or indirectly to the Purchasers, and payable by Premier to Consultant, where gravel is sold to the Purchasers or either of them by Premier, by any person, company or entity directly or indirectly owned or controlled by Premier, by any person or entity directly or indirectly owning or controlling Premier ("Premier Owners"), or by a person or entity under common control with the Premier Owners.

5. Consultant shall at all time have reasonable access to records of Premier on above-described vendors accounts for the purpose of determining and verifying the volume of gravel sold to above-described vendors and the receipt of funds from the sales.

6. Except as otherwise expressly stated herein, all notices required or permitted to be given under this Agreement shall be given by certified or registered United States Mail, return receipt requested, address as follows:

If to Consultant:

John J. Cummings, III, Manager
Maggie D, LLC
416 Gravier Street
New Orleans, Louisiana 70130

with a copy to:

John D. Wogan
Liskow & Lewis
Suite 5000, One Shell Square
701 Poydras Street
New Orleans, Louisiana 70139-5099

If to Premier:

Premier Aggregates, LLC
216 Texas Street
Shreveport, Louisiana 71101

Either party may give notice of change of notice address, provided that the replacement notice address must be at an identifiable street address, city, state and zip code within United States of America. Notice sent by certified or registered United States Postal Service mail will be presumed delivered to the addresses fifteen days (15) after a properly addressed envelope containing the notice has been delivered to the United States Postal Service.

7. The law of Louisiana, without regard to conflicts of laws, shall apply to the Agreement. If a dispute develops between Premier and Consultant, the

-Page 2 of 3-

685203.3

EXHIBIT A
2 of 3

Case Number: 066609 Transaction Date: 4/14/2015 Seq: 17 Page Sequence: 2

unsuccessful party to the dispute shall pay the reasonable legal fees and expenses of the successful party.

8. No party shall assign his or its rights or obligations under this Agreement without the prior written consent of the other party.

9. This Agreement shall be binding upon and shall benefit the respective successors and assigns of the parties. Should Premier sell or transfer its rights to deliver from mines operated or owned by Premier, it shall require the successor or assigns to assume the obligations of Premier under this contract to Consultant.

THUS DONE AND SIGNED on this 20 day of November, 2007.

| Premier: | Consultant: |
|---|---|
| Premier Aggregates, LLC | Maggie D, L.L.C. |
| By: _____ Jack Singleton | By: _____ John J. Cummings, III, Manager |
| By: _____ Kevin Schmidt | |

-Page 3 of 3-

685203.3

EXHIBIT A

Case Number: 066609 Transaction Date: 4/14/2015 Seq: 17 Page Sequence: 3